Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of

A cellular phone in a black case, possessed by D'Armon Kootswatewa and located on his person; in his residence in Tuba City, Arizona, located at GPS coordinates 36.127224, -111.243691; or in his Jeep Cherokee with VIN ending 1470

Case No. 22-4381 mb

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona (identify the person or describe the property to be searched and give its location):

**As further described in Attachment A.**

The person or property to be searched, described above, is believed to conceal (identify the person or describe the property to be seized):

**As set forth in Attachment B.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

YOU ARE COMMANDED to execute this warrant on or before __November 1, 2022__.
*(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.
☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge.

_____.
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for days *(not to exceed 30)*
☐ until, the facts justifying, the later specific date of _____.

Date and time issued: _____
**Camille D. Bibles** Digitally signed by Camille D. Bibles
Date: 2022.10.18 16:10:17 -07'00'
*Judge's signature*

City and State: Flagstaff, Arizona    Honorable Camille D. Bibles, U.S. Magistrate Judge
*Printed name and title*

AO 93 (Rev. 01/09) Search and Seizure Warrant (Page 2)

## RETURN

| Case No.: | Date and Time Warrant Executed: | Copy of warrant and inventory left with: |
|---|---|---|
| | | |

Inventory Made in the Presence of:

Inventory of the property taken and name of any person(s) seized:

## CERTIFICATION

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date:

Executing officer's signature

Printed name and title

## ATTACHMENT A

### Property to Be Searched and Seized

1.    The property to be searched is specifically one cellular phone with a black case in the possession of D'Armon Lee Kootswatewa.

The following are the locations where it could be located:

**Residence:**



GPS <36.127224, -111.243691>



**Vehicle:**

- Make: Jeep
- Model: Cherokee
- Year: 2015
- Registered Party: D'Armon Lee Kootswatewa
- VIN: 1C4PJLCB8FW591470

**Person**:

- Name: D'Armon Lee Kootswatewa
- DOB: 04/14/1966

## ATTACHMENT B

### Particular Things to be Seized

The following items of evidence, contraband, fruits, and instrumentalities that relate to violations of 18 U.S.C. §§ 1153 and 2241(c), Aggravated Sexual Abuse of a Child:

1. Any photographs or video recordings of the victim, T.H., or any other children.
2. Any photographs or video recordings that depict another person's naked body or genitals, even if that person's age cannot be determined.
3. Any material or information related to child pornography, production of child pornography, or child sexual assaults.
4. Any information recording D'Armon's travel on the dates that he was alleged to have sexually abused a child. This includes evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence.
5. Evidence of the times the device was used.
6. Passwords, encryption keys, and other access devices that may be necessary to access the device.
7. Applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it.

In searching this data, the computer-based personnel may examine and copy all of the data contained in the cellular telephone or digital devices to view their precise contents and determine whether the data falls within the items to be seized. In addition, the computer personnel may search for and attempt to recover deleted, hidden, or encrypted data to determine whether the data falls within the list of items to be seized.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

FAX or Internet

```
____ FILED      ____ LODGED
____ RECEIVED   ____ COPY

         OCT 1 8 2022

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY_____ DEPUTY
```

# UNITED STATES DISTRICT COURT
для the
District of Arizona

In the Matter of the Search of:

A cellular phone in a black case, possessed by D'Armon Kootswatewa and located on his person; in his residence in Tuba City, Arizona, located at GPS coordinates 36.127224, -111.243691; or in his Jeep Cherokee with VIN ending 1470

)
)
)
)
)

Case No. 22-4381 mb

## ELECTRONIC APPLICATION FOR SEARCH AND SEIZURE WARRANT

I, F.B.I. Special Agent Louis-Philippe Noel, a federal law enforcement officer for the government, request an electronic search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**See Attachment A, hereby incorporated by reference.**

located in the District of Arizona, there is now concealed *(identify the person or describe the property to be seized)*:

**See Attachment B, hereby incorporated by reference.**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

[X] evidence of a crime;

[X] contraband, fruits of crime, or other items illegally possessed;

[X] property designed for use, intended for use, or used in committing a crime;

[ ] a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. §§ 1153 and 2241(c) | Aggravated Sexual Abuse of a Child |

The application is based upon the following facts:

[X] Continued on the attached sheet (see attached **Affidavit**).

[ ] Delayed notice _____ days (give exact ending date if more than 30 _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA Ryan Powell  *Ryan Powell*

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 10/18/2022

*/s/ Louis-Philippe Noel*
*Applicant's Signature*

Louis-Philippe Noel, F.B.I. Special Agent
*Printed Name and Title*

**Sworn by Telephone**

Date/Time: _____

Date: _____

City and State:  Flagstaff, AZ

Camille D. Bibles
Digitally signed by Camille D. Bibles
Date: 2022.10.18 16:09:50 -07'00'

*Judge's Signature*

Camille D. Bibles,
United States Magistrate Judge
*Printed Name and Title*

## ATTACHMENT A

### Property to Be Searched and Seized

1.  The property to be searched is specifically one cellular phone with a black case in the possession of D'Armon Lee Kootswatewa.

The following are the locations where it could be located:

**Residence:**



GPS <36.127224, -111.243691>



**Vehicle:**

- Make: Jeep
- Model: Cherokee
- Year: 2015
- Registered Party: D'Armon Lee Kootswatewa
- VIN: 1C4PJLCB8FW591470

**Person**:

- Name: D'Armon Lee Kootswatewa
- DOB: 04/14/1966

## ATTACHMENT B

### Particular Things to be Seized

The following items of evidence, contraband, fruits, and instrumentalities that relate to violations of 18 U.S.C. §§ 1153 and 2241(c), Aggravated Sexual Abuse of a Child:

1. Any photographs or video recordings of the victim, T.H., or any other children.
2. Any photographs or video recordings that depict another person's naked body or genitals, even if that person's age cannot be determined.
3. Any material or information related to child pornography, production of child pornography, or child sexual assaults.
4. Any information recording D'Armon's travel on the dates that he was alleged to have sexually abused a child. This includes evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence.
5. Evidence of the times the device was used.
6. Passwords, encryption keys, and other access devices that may be necessary to access the device.
7. Applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it.

In searching this data, the computer-based personnel may examine and copy all of the data contained in the cellular telephone or digital devices to view their precise contents and determine whether the data falls within the items to be seized. In addition, the computer personnel may search for and attempt to recover deleted, hidden, or encrypted data to determine whether the data falls within the list of items to be seized.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Special Agent Louis-Philippe Noel, A Special Agent of the Federal Bureau of Investigation (FBI), being first duly sworn, hereby deposes and states as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. This affidavit is made in support of an application for a search warrant in furtherance of an investigation by the FBI and Navajo Nation Criminal Investigators into a child sexual assault of a Hopi Indian juvenile female on the Navajo Nation Indian Reservation (Indian Country) in the District of Arizona. The purpose of the proposed search warrant is to retrieve the cellular phone of D'Armon Kootswatewa, which may be located on his person, residence, or vehicle. The residence is within the confines of the Navajo Nation Indian Reservation in the District of Arizona. The phone, residence, person, and vehicle are particularly described in **Attachment A**, and the evidence being sought is particularly described in **Attachment B**. The evidence sought is in support of a violation of Title 18, United States Code, Sections 1153 and 2241(c), Aggravated Sexual Abuse of a Child.

2. Your affiant, Louis-Philippe Noel, is a Special Agent (SA) of the FBI and is currently assigned to the Flagstaff, Arizona Resident Agency of the FBI. I have been employed with the FBI since July 2017. I have been assigned to investigate violent crimes on Indian Reservations in Northern Arizona. I have received training from the FBI regarding the investigation of child sexual assaults, to include the utilization of a recording device.

3. The statements contained in this Affidavit are based on information derived from your Affiant's personal knowledge, training and experience; and information obtained from the knowledge and observations of other sworn law enforcement officers, either directly or indirectly through their reports.

4. Based on your affiant's training and experience, the Hopi Indian Tribe is a federally recognized Indian Tribe, and the crimes alleged by the victim occurred on the Navajo Nation Indian Reservation. The suspect in this case, D'Armon Kootswatewa, is an enrolled member of the Hopi Tribe.

1

## INVESTIGATION

5. On October 10, 2022, a Navajo Criminal Investigator from Tuba City, Arizona, contacted the FBI to request assistance with a child sexual abuse investigation. The matter involved an investigation initiated by a Navajo Police Officer on October 5, 2022, who was dispatched to the residence of an adult Hopi male who resided on the Navajo Reservation, who stated his daughter, L.H., had been sexually assaulted by her step-grandfather, D'Armon Kootswatewa.

6. On October 12, 2022, L.H. was forensically interviewed by an FBI Child Forensic Interview. L.H. disclosed the following:

   a. When L.H. was eleven years old, in June of 2022, D'Armon asked if she wanted to spend the night. L.H. was sleeping on the floor adjacent to the table with the TV playing a movie in the background. L.H. was wearing "short pants" and a t-shirt top. She had underwear on. She barely woke up when she felt something touching her. She opened her eyes and saw D'Armon. There was a little light on, and the television was on, which allowed her to know it was D'Armon. She felt his hands close to her "bottoms." (L.H. made a marking on the drawing of a girl's body and marked on the vagina where she had been touched). He moved her shortcuts out of the way and her underwear out of the way, and she felt his hand touching her skin. D'Armon was trying to take off her underwear. L.H. was scared. L.H. tried to move. She tried to pretend like she was sleeping. D'Armon was pointing his phone at her, and the light on the phone was on. L.H. felt his hand on the middle of her vagina. L.H. explained that his fingers almost went inside of her vagina.

   b. When L.H. was eleven years old, D'Armon took L.H. to the overlook that overlooks all of Tuba City. D'Armon tried to put his hands on L.H.'s chest, so L.H. pushed him away. D'Armon then asked why L.H. did not want to hug him. D'Armon took L.H. to the 'little ranch' and asked L.H. if he could take a picture of her standing. L.H. posed in several different ways. L.H. was wearing an anime shirt ('Demonslayer') and jeans. D'Armon was taking photographs with

2

his phone. L.H. does not know what kind of phone it was but described it as having a black case. He let her use his phone to look at pictures of a Kachina doll. When L.H. looked through his phone, she observed there was a folder that had a lot of photographs of her and photographs of other native girls. When she saw photographs of herself, she had not been aware that he was taking photographs of her. L.H. was scared that there were photographs of her on D'Armon's phone. The photographs of L.H. were from several different days. There were photographs of her at D'Armon's house, her house, and of "that night" when they had dinner. L.H. did not see any photographs of her without clothing. When L.H. returned the phone to D'Armon and asked to leave, D'Armon began touching L.H. D'Armon asked L.H. for a hug and reached over and touched L.H.'s breasts on top of her clothes. D'Armon told L.H. not to tell her parents: "Don't tell your parents that I took you out just to look at the view." L.H. did not tell her parents because she was scared.

7. L.H. made numerous additional disclosures of abuse by D'Armon, including an incident in Sedona, Arizona, outside of the Navajo Indian Reservation. There, L.H. was in a creek with her little brother and observed D'Armon taking a video of her with his phone. He typically makes video recordings of her everywhere he takes her.

8. L.H. marked a drawing of a girl where she had been touched by D'Armon:



## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

9. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

10. When extracting data from a mobile device, there are several levels of extractions that can be performed. A logical extraction is the fastest and most widely supported extraction available using forensic software; however, it is also the most limited. A logical extraction will generally have access to SMSIMMS messages, contacts, calendars, call logs, images, and video/audio files. A logical extraction relies on the mobile device operating system to obtain data. On the other end of the spectrum is a physical extraction. A physical extraction is the most extensive data acquisition but also the least supported by forensic software. A physical extraction makes a copy of the data present on the mobile device and does not rely on the operating system to determine what it can access. In addition to obtaining everything that is available in a logical extraction, a physical extraction may also obtain files, hidden files, and deleted data.

11. There is probable cause to believe that things that were once stored on D'Armon's phone may still be stored there, for the following reasons:

   a. Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

   b. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space-that is, in space on the storage medium that is not currently being used by an active file-for long periods of time before they are overwritten. In

4

addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c. Wholly apart from user-generated files, computer storage media-in particular, computers' internal hard drives-contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

12. Forensic evidence: As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how D'Armon's phone was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the phone because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file

5

    systems can record information about the dates files were created and the sequence in which they were created.

    b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

    c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

    d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

    e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

    13. Nature of examination: Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of D'Armon's phone consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it contains evidence described by the warrant.

    14. Execution of the warrant: the Affiant will present the Search Warrant to D'Armon and will provide him the ability to escort the Affiant directly to the phone, so that a search of his residence, vehicle, or person will not be necessary. If D'Armon does

not comply, the Affiant requests permission in this warrant to search his person, residence, and car in order to locate the phone.

### Conclusion

15. Based on the information in this affidavit, your affiant respectfully submits that there is probable cause to support that there is evidence related to Aggravated Sexual Abuse of a Child (18 U.S.C. §§ 1153 and 2241(C)) on the phone described in **Attachment A**. Therefore, your affiant respectfully requests that a search warrant be issued authorizing the search of the phone listed in **Attachment A** (and, if necessary, the person and places listed in **Attachment A**) for the things specifically described in **Attachment B**.

16. **Pursuant to 28 U.S.C. § 1746(2), I declare that the foregoing is true and correct to the best of my knowledge and belief.**

_____    18 OCT 2022
Louis-Philippe Noel            Date
Special Agent, FBI

__X__ Sworn by Telephone

Date/Time: _____

Camille D. Bibles
Digitally signed by Camille D. Bibles
Date: 2022.10.18 16:09:12 -07'00'

HONORABLE CAMILLE D. BIBLES
United States Magistrate Judge
District of Arizona

7